# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN PIERRE JOHNSON, | Case No. 1:24-cv-949-JLT-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| KEVIN NUGENT, *et al.*, | (ECF No. 1) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Shawn Pierre Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis in* this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison ("KVSP") in Delano, CA where the events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) Pat Horn, Warden at KVSP, (2) Kevin Nugent, chairman, Religious Review Committed, KVSP, (3) Ruben Carriedo, Chief Deputy Warden, KVSP, (4) Jeremy Custer, Associate Warden, KVSP, and (5) J. Moeckly, correctional officer and reviewing officer of appeals.

In claim 1, Plaintiff maybe alleging a violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act.  Plaintiff alleges as follows. Pat Horn is responsible for supervision and operations at KVSP and neglected the participating Muslims of Ramadan access to practice the Religion of Islam in its totality.  Ruben Carriedo is the Chief Deputy Warden who refers pending matters and discrepancies to the Warden. Mr. Carriedo possesses full knowledge of the denial of chapel use during the month of Ramadan. Jeremy Custer is Associate Warden whose decision also led to the denial of chapel use during Ramadan. Keven Nugent, chairman, Religious Review Committee, provided the memorandum denying chapel use during Ramadan with full knowledge of its essential use during Ramadan.  J. Moeckly is the reviewing authority of appeal who upon review of the grievance, neglected and denied the claim without proper due diligence and due process.

2

As remedies, Plaintiff seeks an injunction to prevent the denial of future services during the month of Ramadan and seeks monetary damages.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved. General assertions regarding Plaintiff's appeals are not sufficient, and Plaintiff may not merely state he was denied rights without stating the factual support for denial of those right. Plaintiff must state factual allegations to support his claims. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Lam v. California Dep't of Corr. & Rehab.*, No.

3

1:23-CV-01167 BAM PC, 2023 WL 8701254, at *2 (E.D. Cal. Dec. 15, 2023), report and recommendation adopted, No. 1:23-CV-1167 JLT BAM PC, 2024 WL 201269 (E.D. Cal. Jan. 18, 2024). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).  Here, the Court has reviewed the exhibits, but did not evaluate whether their contents state a claim on Plaintiff's behalf.

**Plaintiff cannot Represent Others**

It is unclear from the allegations, but it appears Plaintiff seeks to represent other inmates who were not permitted chapel during Ramadan. Plaintiff may not do so. A non-attorney proceeding pro se may bring his own claims to court, but he may not represent others. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (constitutional claims are personal; non-attorney has no authority to appear as an attorney for others than himself); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4)  Therefore, this action will be construed as an individual civil suit brought by Plaintiff.

**Linkage and Supervisor Liability**

Most of Plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a specific defendant, and a clearly identified constitutional violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft*, 556 U.S. at 676–7, 129 S.Ct. 1937; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to link the defendants to the alleged wrongful conduct. Plaintiff fails to allege what each defendant did or did not do which violated Plaintiff's constitutional rights. Plaintiff may not simply assert that a deprivation occurred and then accuse a group of defendants

4

of being "responsible" for that deprivation.

Insofar as Plaintiff is attempting to sue Defendant Warden, Defendant Deputy Warden, or any other defendant, based on his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77, 129 S.Ct. 1937; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1970).

Here, Plaintiff has failed to establish that Defendant Warden, Defendant Deputy Warden, or other supervisor, participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation.

**First Amendment Free Exercise of Religion**

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden his practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates ... to abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal

quotation marks and citation omitted).  However, the court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and valid penological objectives. *See McElyea v. Babbit*, 833 F.2d 196, 197 (9th Cir. 1987).  For instance, under the First Amendment, the penological interest in a simplified food service has been held sufficient to allow a prison to provide orthodox Jewish inmates with a pork-free diet instead of a completely kosher diet. *See Ward v. Walsh*, 1 F.3d 873, 877-79 (9th Cir. 1993).

To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *see Haynes v. Orel*, No. 2:19-CV-1988 AC, 2021 WL 4355431, at *2 (E.D. Cal. Sept. 24, 2021).

Plaintiff fails to set forth sufficient facts to support his free exercise of religion claim. Plaintiff merely contends that his requests for access to chapel were denied.  Plaintiff had not sufficiently stated a claim because he failed to specifically allege that chapel access is necessary for a "sincerely held" belief that is "rooted in religious belief."  Plaintiff has not alleged facts showing that the chapel service or meeting was necessary to plaintiff's sincerely held belief or religion, that any denial substantially burdened the practice of his religion, or, that any denial was not reasonably related to legitimate penological interests or that he did not have alternative means of practicing his religion.  Leave to amend will be granted.

**RLUIPA**

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... unless the government demonstrates that imposition of the burden on that person ... is in furtherance of a compelling governmental interest ... and is the least restrictive means of furthering that ... interest." 42 U.S.C.A. § 2000cc-1(a). "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious

6

belief.' " *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7).

As with the First Amendment, under the RLUIPA, the government imposes a "substantial burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1125 (citation omitted). RLUIPA is more protective than the First Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated. *See Holt v. Hobbs*, 135 S. Ct. at 862. With RLUIPA, the " 'substantial burden' inquiry asks whether the government has substantially burdened religious exercise ..., not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.*

Money damages are not available under RLUIPA against the state or state officials sued in their official capacities, *Sossamon v. Texas*, 563 U.S. 277, 279 (2011), and RLUIPA does not contemplate liability of government employees in their individual capacity. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Thus, a RLUIPA claim may proceed only for declaratory or injunctive relief against defendants acting within their official capacities.

It appears that Plaintiff sues each of the individual defendants in their individual capacity for violation of RLUIPA. RLUIPA, however, does not authorize Plaintiff's claim against the individual defendants in their individual capacities. *See Wood*, 753 F.3d at 904. Leave to amend will be granted.

**Processing of Appeals**

To the extent Plaintiff is complaining about the appeal process, Plaintiff is informed that he does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.*, No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to

process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4; *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Valles v. Gamboa*, No. 1:22-CV-00355 BAM PC, 2022 WL 1294424, at *3–4 (E.D. Cal. Apr. 29, 2022) (no claim for failure to comply with timely processing requirements).

**Injunctive Relief**

Plaintiff is seeking injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir.

1984).

**Plaintiff's Declaration re Opened Mail**

On September 9, 2024, a declaration from Plaintiff was filed stating that he "is receiving mail from this Court opened without [him] being present." (Doc. 9.)

The Court declines to address this issue because it was not included in the complaint. Plaintiff has been granted leave to amend and may consider including this allegation. However, Plaintiff is informed that, under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."). Non-legal mail may be opened outside of the presence of an inmate. *Hayes*, 849 F.3d at 1211 (upholding dismissal of claims for opening of non-legal mail). And Plaintiff is cautioned against joining unrelated claims. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). Plaintiff is further cautioned that he is required to exhaust administrative remedies before being suit under the PLRA.

**IV.     Conclusion and Order**

As discussed above, the Court finds Plaintiff's first amended complaint fails to comply with Rules 8 and fails to state a cognizable claim for relief. Plaintiff will be granted an opportunity to amend to attempt to cure the identified deficiencies, to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, consistent with the reasons discussed in this order.

IT IS SO ORDERED.

Dated: __January 10, 2025__         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

10