# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN PIERRE JOHNSON,<br><br>                    Plaintiff,<br><br>         v.<br><br>NUGENT, *et al.*,<br><br>                    Defendants. | Case No.  1:24-cv-00949-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff Shawn Pierre Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On February 27, 2025, the Court screened the first amended complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief.  (ECF No. 12.)  The Court issued a screening order granting Plaintiff leave to file a second amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice.  (*Id.* at 10.)  Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

1

## II. Failure to State a Claim

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison ("KVSP") in Delano, California where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Pat Horn, Warden at KVSP, (2) Tyler Phillips, Community Resource Manager, and (3) Francisco Diaz, Chaplain.

In claim 1, Plaintiff is alleging a violation of freedom of religion in the First Amendment. Plaintiff alleges during the month of Ramadan, Plaintiff was informed that in person religious services were cancelled by of vendors. (The Court notes that this word is unintelligible but

2

appears to be "vendors.") Plaintiff submitted a request for interview with facility Chaplin Rev. Krants "DMin" to inquire about alternatives for in person service. Chaplain Krantz[1] said that because of staffing issues at KVSP that in person services would result in safety and security concerns. Islamic law requires that during the holy month of Ramadan, it is obligatory that Muslims perform the "Tarawih" a prayer performed during Ramadan. It is a complex prayer that requires recitation of the entire Quran during Tarawih, for those who can't pray in the Masjid (Masque) or if the congregation does not have a hafiz (one who memorizes Quran/Guardian) to lead them. Explicit instructions mandated by Islamic law requires five rights to be prepared: (1) using correct pronunciation, (2) memorization of Quran, (3) understanding Holy Quran, (4) reflecting over meanings of Quran, (5) acting upon it after learning meanings and teachings. Not fulfilling those compulsory acts will render his fast invalid. The two conditions of Ramadan is to believe in Quran and [unintelligible] guardians and purpose. Plaintiff alleges that although he has met the conditions set out, Plaintiff is unable to receive blessing.

KVSP allows other religious groups to occupy the chapel on frequent bases weekly and other times and multiple times within a week. Plaintiff is a Muslim and has been consistently denied access on a regular basis while allowing other non-religious groups to occupy chapel space. Plaintiff is being treated differently. Plaintiff alleges that "Prison officials have claimed that because of limited Chaplin staff at Kern Valley State Prison has created a safety and security issue. In previous years no staff employed by KVSP has physically supervised regular chapel services or Ramadan services in past years."

As remedies, Plaintiff seeks an injunction to prevent the denial of future services during the month of Ramadan and seeks monetary damages.

**C.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

///

///

---

[1] Chaplain "Krantz" is spelled both Krantz and Krants in the complaint.

3

### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved. General assertions regarding Plaintiff's appeals are not sufficient, and Plaintiff may not merely state he was denied rights without stating the factual support for denial of those right. Plaintiff must state factual allegations to support his claims.

While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Lam v. California Dep't of Corr. & Rehab.*, No. 1:23-CV-01167 BAM PC, 2023 WL 8701254, at *2 (E.D. Cal. Dec. 15, 2023), report and recommendation adopted, No. 1:23-CV-1167 JLT BAM PC, 2024 WL 201269 (E.D. Cal. Jan. 18, 2024). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011). Here, the Court has reviewed the exhibits, but did not evaluate whether their contents state a claim on Plaintiff's behalf.

///

///

4

**2.      Linkage Requirement and Supervisor Liability**

Plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a specific defendant, and a clearly identified constitutional violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to link each of the defendants to the alleged wrongful conduct. Plaintiff fails to allege what each defendant did or did not do which violated Plaintiff's constitutional rights. As Plaintiff was previously informed, Plaintiff may not simply assert that a deprivation occurred and then accuse a group of defendants of being "responsible" for that deprivation. Plaintiff does not identify which defendant denied his requests for access to chapel and religious practices and what specifically that person did to deny his rights.

Insofar as Plaintiff is attempting to sue Defendant Warden, or any other defendant, based on his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Ct.y of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Here, Plaintiff has failed to establish that Defendant Warden or other supervisor participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation.

### 3. First Amendment Free Exercise of Religion

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden his practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates . . . to abandon their religious beliefs . . . imposes a substantial burden on [the inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal quotation marks and citation omitted). However, the court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and valid penological objectives. *See McElyea v. Babbit*, 833 F.2d 196, 197 (9th Cir. 1987). For instance, under the First Amendment, the penological interest in a simplified food service has been held sufficient to allow a prison to provide orthodox Jewish inmates with a pork-free diet instead of a completely kosher diet. *See Ward v. Walsh*, 1 F.3d 873, 877–79 (9th Cir. 1993).

To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348–50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *see Haynes v. Orel*, No. 2:19-CV-1988 AC, 2021 WL 4355431, at *2 (E.D. Cal. Sept. 24, 2021).

Plaintiff may be able to allege a free exercise of religion claim. Plaintiff contends that his requests for access to chapel were denied and that chapel access is necessary for a "sincerely held" belief that is "rooted in religious belief" among the five tenets of his religion and denial

6

substantially burdened the practice of his religion by not having his fast blessed. While Plaintiff indicates the denial to go to chapel was related to legitimate penological interests, he also alleges other religions were permitted to attend the chapel. But, as noted above, Plaintiff has not identified which defendant denied his requests for access to chapel and religious practices and specifically, what that person did to deny his rights.

### 4. RLUIPA

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person . . . is in furtherance of a compelling governmental interest . . . and is the least restrictive means of furthering that . . . interest." 42 U.S.C.A. § 2000cc-1(a). "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7).

As with the First Amendment, under the RLUIPA, the government imposes a "substantial burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1125 (citation omitted). RLUIPA is more protective than the First Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated. *See Holt v. Hobbs*, 135 S. Ct. at 862. With RLUIPA, the "'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.*

Money damages are not available under RLUIPA against the state or state officials sued in their official capacities, *Sossamon v. Texas*, 563 U.S. 277, 279 (2011), and RLUIPA does not contemplate liability of government employees in their individual capacity. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Thus, a RLUIPA claim may proceed only for declaratory or injunctive relief against defendants acting within their official capacities.

7

1    It appears that Plaintiff sues each of the individual defendants in their individual capacity
2    for violation of RLUIPA.  RLUIPA, however, does not authorize Plaintiff's claim against the
3    individual defendants in their individual capacities.  *See Wood*, 753 F.3d at 904.

### 5.    Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally.  *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).  This does not mean, however, that all prisoners must receive identical treatment and resources.  *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,'" (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601–02 (2008).

Plaintiff may be able to state a cognizable claim but Plaintiff fails to link any defendant to the alleged wrongful conduct.  Plaintiff alleges a colorable claim that he, as a Muslim, was denied access, to the Chapel when other religions were permitted to do so.  However, Plaintiff fails to link any named defendant who intentionally violated his rights.  Plaintiff does not clearly identify which defendant denied his requests for access to the chapel and religious practices and what specifically that person did to deny his rights.

### 6.    Injunctive Relief

Plaintiff is seeking injunctive relief in this action.  Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an

actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Amer. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

1  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
2  cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779
3  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

       **B.**     **Discussion**

Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's February 27, 2025 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 12, p. 10.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

///

**IV.    Conclusion and Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 21, 2025**                        /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE

11